# EXHIBIT 3



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

## MEMORANDUM

DATE: June 28, 2010

TO: Patent Examining Corps

FROM: Robert W. Bahr
Acting Associate Commissioner
For Patent Examination Policy

SUBJECT: Supreme Court Decision in *Bilski v. Kappos*

Today, the Supreme Court affirmed the USPTO's decision that the claims in the patent application at issue in *Bilski v. Kappos* are not patent-eligible under 35 U.S.C. § 101. The purpose of this memorandum is to provide interim guidance to the Patent Examining Corps.

The Supreme Court confirmed that section 101 "specifies four independent categories of inventions or discoveries that are eligible for protection: processes, machines, manufactures, and compositions of matter." The Supreme Court also confirmed that, although the text of section 101 is broad, it is not without limit in that its "precedents provide three specific exceptions to § 101's broad patent-eligibility principles, 'laws of nature, physical phenomena, and abstract ideas.'"

The Supreme Court decided that under its precedents (*Benson, Flook, Diehr*) the claims in *Bilski* are not patent-eligible processes under section 101 because they are an attempt to patent abstract ideas.

The Supreme Court indicated that the machine-or-transformation test is not the sole test for patent-eligibility of processes under 35 U.S.C. § 101. However, the Supreme Court indicated that its "precedents establish that the machine-or-transformation test is a useful and important clue, an investigative tool, for determining whether some claimed inventions are processes under § 101."

Significantly, the Supreme Court also indicated that a business method is, at least in some circumstances, eligible for patenting under section 101.

The Supreme Court indicated that the patent-eligibility inquiry under section 101 is only a threshold inquiry, and that a claimed invention must also satisfy the Patent Act's requirements that it be novel, nonobvious, and fully and particularly described.

Examiners should continue to examine patent applications for compliance with section 101 using the existing guidance concerning the machine-or-transformation test as a tool for determining whether the claimed invention is a process under section 101. If a claimed method meets the machine-or-transformation test, the method is likely patent-eligible under section 101 unless there is a clear indication that the method is directed to an abstract idea. If a claimed method does not meet the machine-or-transformation test, the examiner should reject the claim under section 101 unless there is a clear indication that the method is not directed to an abstract idea. If a claim is rejected under section 101 on the basis that it is drawn to an abstract idea, the applicant then has the opportunity to explain why the claimed method is not drawn to an abstract idea.

The USPTO is reviewing the decision in *Bilski* and will be developing further guidance on patent subject matter eligibility under 35 U.S.C. § 101.