# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDGE CAPTURE L.L.C., and EDGE SPECIALISTS, L.L.C., ) ) ) | |
| Plaintiffs, ) | Civil Action No. 09-cv-1521 |
| v. ) ) | Judge Charles R. Norgle, Sr. |
| BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., UBS AG, UBS FINANCIAL SERVICES, INC., UBS SECURITIES, L.L.C., WOLVERINE TRADING, L.L.C., AND WOLVERINE EXECUTION SERVICES, L.L.C., ) ) ) ) ) ) | Magistrate Judge Denlow |
| Defendants. ) | |

**THE BARCLAYS AND UBS DEFENDANTS' OPPOSITION TO
PLAINTIFFS EDGE CAPTURE LLC AND EDGE SPECIALISTS, LLC'S MOTION
FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO BARCLAYS AND UBS'S
RENEWED MOTION TO DISMISS THE AMENDED COMPLAINT (D.E. 109)**

Defendants Barclays Bank PLC and Barclays Capital Inc. (collectively, "Barclays"), and UBS AG, UBS Financial Services, Inc., and UBS Securities L.L.C. (collectively, "UBS") hereby oppose Plaintiffs Edge Capture LLC and Edge Specialists, LLC's (collectively, "Edge") Motion for Leave to File a Sur-Reply in Opposition to Barclays and UBS's Renewed Motion to Dismiss to Dismiss the Amended Complaint (D.E. 109). Edge provides no legitimate basis to support its request to file a sur-reply, and its motion should be denied.

1.  Edge attempts to justify its improper sur-reply by arguing that "Barclays and UBS's reply brief includes a newly-asserted issue" that the "asserted claims reside solely in software and are thus patent ineligible under 35 U.S.C. § 101." D.E. 123 at 1. This argument is misplaced for the following reasons.

*First*, Barclays and UBS repeatedly argued throughout their opening brief that the patents make clear that the claimed invention resides in software within any general purpose computer. *See, e.g.*, D.E. 110 at 3 (*quoting* Ex. 1 ('833 Patent), col. 7, ll. 31-33) [1] (emphasis added) (stating "[t]he patents make clear that the "automated trading system" does not require any special equipment and "is preferably *resident* in [a] backend computer," with "[t]he automated trading *software* [running] in a text-based environment or a Windows or Windows-like environment."); *id*. at 3-4 (emphasizing that claimed invention resides within "general purpose computer" and components implemented in "logic"); *id*. at 11 (same); *id*. at 11 n.15 (emphasis in original) (emphasizing the unpatentability of claimed invention implemented as "*computer instructions*"). Up until this point, Edge has ignored the argument; therefore, it is improper for Edge to attempt to respond to it now through a sur-reply.

*Second*, Barclays and UBS's continued emphasis on these points in reply was entirely appropriate and does not justify Edge's improper sur-reply. In its opposition, Edge opened its argument with the Supreme Court's definition of "machine," correctly noting that the Supreme Court has "stated that 'the term machine includes every mechanical device or combination of mechanical powers and devices to perform some function and produce a certain effect or result.'" D.E. 118 at 7 (*quoting Diamond v. Diehr*, 450 U.S. 175, 182 (1981)). Edge, however, erroneously contended that its system claims are "machines" under this definition, ignoring

---

[1] "Ex. __" refers to the Exhibits attached to the Declaration and Reply Declaration of Jeffrey G. Randall, filed in support of Barclays and UBS's renewed motion to dismiss (D.E. 109).

Barclays and UBS's software argument and misleadingly suggesting that its claimed invention is a "mechanical device." *Id.* Barclays and UBS properly responded to this point in reply and correctly emphasized that "Edge's claimed invention here resides solely in *software*—not a mechanical device or combination of mechanical devices" (D.E. 121 at 2 (emphasis in original)), relying on the *same citations* in the opening brief. (*Compare, e.g.*, D.E. 110 at 3 with D.E. 121 at 2). It is disingenuous for Edge to argue that this is a new argument, and it certainly does not justify Edge's request to file a sur-reply. The Court should deny Edge's motion for leave.

2. Even if Edge offered a reasonable basis to support its request to file a sur-reply (which it does not), Edge's sur-reply is unavailing and confirms that dismissal is appropriate.

*First*, Edge argues that its claimed invention is a "special-purpose machine" because it is "specially programmed" to run a "special program." D.E. 123-1 at 1-2. Edge's argument is, however, belied by the patents' specifications, which do not set forth any details describing how the disclosed general purpose computer should, in fact, be programmed. The patents merely disclose a general purpose computer programmed in an unspecified manner, which is insufficient to transform a general purpose computer into a special purpose machine.[2] *See, e.g.*, D.E. 110 at 13; *see also id*. n.15 (emphasis added) (citing *Ex parte Halligan*, No. 2008-1588, 2008 WL 4998541, at *13 (B.P.A.I. Nov. 24, 2008) ("programmed computer" "fails to impose any meaningful limits on the claim's scope as it adds nothing more than a general purpose computer that has been programmed in an *unspecified* manner to implement the functional steps recited in the claims")).

*Second*, without identifying the requisite details for how its claimed invention is specially programmed (because its patents disclose none), Edge argues that a "specially-programmed" computer is patent-eligible, quoting the Federal Circuit's 1999 decision in *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1348 (Fed. Cir. 1999). D.E. 123-1 at 2. *WMS Gaming*, however, addressed the construction of a means-plus-function limitation under 35 U.S.C. § 112,

---

[2] Edge continues to incorrectly suggest that the patent claims must be construed before the Court rules on Barclays and UBS's motion. D.E. 123-1 at 1. A claim may be held invalid under 35 U.S.C. § 101 without first construing that claim. *See Ultramercial, LLC v. Hulu, LLC,* 2010 WL 3360098, at *6 (C.D. Cal. Aug. 13, 2010). (invalidating a patent under § 101 and "reject[ing] Plaintiff's argument that this Motion [under Fed. R. Civ. P. 12(b)(6)] should not be decided before claim construction."); *CyberSource Corp. v. Retail Decisions, Inc.*, No. 04-3268, 2009 WL 815448, at *5–10 (N.D. Cal. Mar. 27, 2009) ("[R]uling on defendant's section 101 motion does not require that the claims actually be construed.")

¶ 6, not any issue under 35 U.S.C. § 101.[3] *WMS Gaming*, 184 F.3d at 1348. In *WMS Gaming*, the Federal Circuit merely construed the means-plus-function limitation at issue to cover the structure disclosed in the specification—as required under § 112 ¶ 6—noting in its analysis that the disclosed structure was a general purpose computer that had been programmed in ***a specified manner***, as the patent explained.[4] *Id.* at 1349 (means limitation construed to cover the "microprocessor programmed to perform the algorithm illustrated in Figure 6"). Here, the asserted claims do not include any means-plus-function limitations, § 112 is not at issue, and the patents do not specify how any general purpose computer is programmed. Edge's claims reside in software and unspecified computer instructions, and thus are not tied to any particular machine. *See* D.E. 110 at 6-14; D.E. 121 at 2-5.

*Third*, Edge attempts to lend credibility to its erroneous argument on "specially-programmed" computers by citing a recent Patent Office decision, *Ex parte Banatwala*, No. 2009-6785, 2010 WL 4250887, at *4 (B.P.A.I. Oct. 18, 2010). *Banatwala*, however, does not support Edge's position; rather, this decision undermines it. The lone independent claim that was found patentable in *Banatwala* was directed to a "machine readable storage" device, which is a specific type of claim not at issue here.[5] *See Banatwala*, 2010 WL 4250887, at *4. The remaining independent claims were found ***unpatentable*** under the Supreme Court's *Bilski* decision, *Bilski v. Kappos*, 130 S. Ct. 3218, 3231 (2010), based on the ***same reasoning*** set forth in Barclays and UBS's briefing. *See Banatwala*, 2010 WL 4250887, at *4 (stating "the claimed 'topic thread,' 'data aggregator' and 'computing platform' all can be software/program

---

[3] Edge confuses the requirements of § 101 and § 112 and incorrectly contends that a specially-programmed computer is all that is required for patentability. The Supreme Court did not, however, reach any such result in *Bilski* and, instead, held that claims directed to abstract ideas, like those here, are unpatentable. *See Bilski v. Kappos*, 130 S. Ct. 3218, 3227 (2010)

[4] The Federal Circuit decided *WMS Gaming* while the "useful, concrete and tangible result" test from *State Street Bank & Trust Co. v. Signature Fin. Group, Inc.*, 149 F.3d 1368 (Fed. Cir. 1998) was still applicable, citing *State Street* as a basis for its claim construction holding. *See WMS Gaming*, 184 F.3d at 1348 n.4. Of course, Edge's sur-reply neglects to mention this point, and *State Street* has been expressly overruled. *In re Bilski*, 545 F.3d 943, 959-60 & n.19 (Fed. Cir. 2008) (emphasis added) (stating "the 'useful, concrete and tangible result' inquiry is inadequate . . . [and this] analysis ***should no longer be relied on***."); *see also Bilski*, 130 S. Ct. at 3231 (2010) (*State Street* is not endorsed).

[5] This type of claim raises its own patentability issues and requires analysis of whether the claimed media includes "transitory" embodiments. *See Banatwala*, 2010 WL 4250887, at *4 (*citing* David J. Kappos, *Subject Matter Eligibility of Computer Readable Media*, 1351 Off. Gaz. Pat. Office 212 (Feb. 23, 2010)).

3

components. A claim that recites no more than software, logic, or a data structure (*i.e.*, an abstraction) does not fall within any statutory category."); *compare* D.E. 121 at 2-5.

*Fourth*, Edge argues that the Supreme Court's *Bilski* decision "precludes a "*per se* bar to software inventions."[6] D.E. 123-1 at 3. Edge misses the point. Barclays and UBS have not argued for any *per se* bar and, instead, maintain that none of Edge's claims are tied to a particular machine, as the patents merely disclose the claimed invention as software capable of running on a general purpose computer without any disclosure or specificity on how the computer is specifically programmed. Edge's claims are clearly unpatentable. *See* D.E. 110 at 6-14; D.E. 121 at 2-5.

*Finally*, Edge wrongly contends that Barclays and UBS have "ignore[d] the additional elements of co-location and segregation in the dependent claims asserted by Edge." D.E. 123-1 at 4. Barclays and UBS, however, clearly addressed Edge's dependent claims and erroneous arguments. *See* D.E. 121 at 11-13 (addressing Edge's dependent claims and noting that "the relevant trading elements" are included entirely in software residing in a single general purpose "backend computer," not segregated between separate computers or locations). Nothing was ignored or mischaracterized, and there is certainly no basis for the Court to consider Edge's improper sur-reply.

For the foregoing reasons, UBS and Barclays respectfully request that the Court deny Edge's Motion for Leave to File a Sur-Reply in Opposition to Barclays and UBS's Renewed Motion to Dismiss to Dismiss the Amended Complaint (D.E. 109).

---

[6] Edge quotes a portion of the *Bilski* decision and emphasizes that numerous *amicus* briefs argued against the machine-or-transformation test. D.E. 123-1 at 3. As in its opposition, Edge again fails to acknowledge that the Supreme Court held that this test remains a "useful and important clue, [as] an investigative tool" for patent eligibility determinations. *Bilski*, 130 S.Ct. at 3227. Notwithstanding the Supreme Court's clear endorsement of the machine-or-transformation test, Edge continues to largely ignore the test, relegating it to a footnote in its opposition (D.E. 118 at 9 n.9 and 14 n.15), and incorrectly suggesting in its sur-reply that it should not be applied. D.E. 123-1 at 3.

Respectfully submitted,

Dated: November 8, 2010  By:  */s/ Jeffrey G. Randall*
Jeffrey G. Randall (admitted *pro hac vice*)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1117 S. California Avenue
Palo Alto, CA 94304-1106
Tel: (650) 320-1800

Allan M. Soobert (admitted *pro hac vice*)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1700

Emily Newhouse Dillingham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 N. Wacker Drive
Chicago, IL 60606
Tel: (312) 499 6292

*Attorneys for Defendants Barclays Bank PLC, Barclays Capital Inc., UBS AG, UBS Financial Services, Inc., and UBS Securities, L.L.C.*

## **CERTIFICATE OF SERVICE**

I, Jeffrey G. Randall, hereby certify that on November 8, 2010, I caused a true and correct copy of the foregoing Opposition to Motion for Leave to File a Sur-Reply in Opposition to Barclays and UBS's Renewed Motion to Dismiss to Dismiss the Amended Complaint (D.E. 109), to be served by electronic filing using the CM/ECF system upon:

Sang A. Young Brodie
sybrodie@rkmc.com, mjlarson@rkmc.com, mmtacheny@rkmc.com

Patrick G. Burns
pburns@gbclaw.net, docket@gbclaw.net

Glenna Lynn Gilbert
glgilbert@rkmc.com, dmlafrance@rkmc.com

Munir R. Meghjee
mrmeghjee@rkmc.com, ljlewis@rkmc.com, jkcornelius@rkmc.com

Ronald Schutz
rjschutz@rkmc.com

Robert W. Unikel
Robert.unikel@kayescholer.com; maondil@kayescholer.com

Deanna Keysor
deanna.keysor@kayescholer.com

Michelle K. Marek
michelle.marek@kayescholer.com

Jeana R. Lervick
jlervick@gbclaw.net; docket@gbclaw.net

Gavin James OKeefe
gokeefe@gbclaw.net


Dated: November 8, 2010                By:  */s/ Jeffrey G. Randall*