# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1521 | **DATE** | 1/31/2011 |
| **CASE TITLE** | Edge Capture L.L.C., et al. vs. Barclays Bank PLC, et al. | | |

## DOCKET ENTRY TEXT

Defendants Wolverine Trading, L.L.C and Wolverine Execution Services, L.L.C.'s Motion to Dismiss [107] is denied. Defendants Barclays Bank PLC and Barclays Capital Inc., and UBS AG, UBS Financial Services, Inc., and UBS Securities L.L.C.'s Motion to Dismiss [109] is also denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

  Before the Court is Defendants Wolverine Trading, L.L.C and Wolverine Execution Services, L.L.C.'s (collectively, "Wolverine") Motion to Dismiss Plaintiffs Edge Capture L.L.C. and Edge Specialists L.L.C.'s (collectively, "Edge") Amended Complaint. Defendants Barclays Bank PLC and Barclays Capital Inc. (collectively, "Barclays), and UBS AG, UBS Financial Services, Inc., and UBS Securities L.L.C.'s (collectively, "UBS") Motion to Dismiss is also before the Court. For the following reasons, the Court denies the Motions to Dismiss.

  Both Motions to Dismiss argue that Edge's Amended Complaint should be dismissed because its patents are invalid under 35 U.S.C. § 101. In support of this argument, Defendants failed to cite any case law invalidating an issued patent on a motion dismiss, and instead rely on summary judgment opinions. It is true that affirmative defenses may be raised in a motion to dismiss, Muhammad v. Oliver, 547 F.3d 874, 878 (7th Cir. 2008), but defenses such as invalidity under § 101 require a court to construe the claims at issue and are appropriately resolved by summary judgment motions or adjudication at trial. See In re Bilski, 545 F.3d 943, 951 (Fed. Cir. 2008) (en banc) ("[C]laim construction . . . is an important first step in a § 101 analysis." (citing State St. Bank & Trust Co. v. Signature Fin. Group, 149 F.3d 1368, 1370 (Fed. Cir. 1998), abrogated on other grounds by In re Bilski, 545 F.3d 943)). Therefore, a judgment on the pleadings as to invalidity under § 101 would be inappropriate on the record now before the Court. Next, the Court addresses Wolverine's remaining argument.

  Wolverine also argues that the Amended Complaint is insufficient to state a claim because Edge failed to "specify or describe exactly what types of electronic/algorithmic trading activities are being accused of infringement." Mem. in Supp. of Defs. Wolverine Trading L.L.C. & Wolverine Execution Services L.L.C.'s Mot. to Dismiss Am. Compl. 13. To survive a motion to dismiss a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-58 (Fed. Cir. 2007) (concluding that a complaint alleged in conformity with Federal Rules of Civil Procedure Form 18 contained enough detail to allow the defendants

| STATEMENT |
|---|

to answer and thus met the notice pleading requirements). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

On October 20, 2009, the Court determined that Edge's Complaint satisfied the requirements of Rule 8(a), but ordered Edge to file a more definitive statement pursuant to Rule 12(e). Minute Order 72, Oct. 20, 2009. The Court again acknowledges that Edge's Amended Complaint does not necessarily represent artful drafting. Nonetheless, the Court concludes that Edge complied with the Court's order by identifying specific examples of Wolverine's commercial transactions involving plausible patent infringement. See Am. Compl. ¶¶ 96-105.

Furthermore, the case Wolverine relies on to support a different outcome is factually distinguishable. The court in In re Papst Licensing GMBH & Co. KG Litig., dismissed a "bare bones" complaint for failure to state a claim where the plaintiff asserted a need to investigate whether the defendant had infringed the patents in suit and sought to amend the complaint only to state that "upon information and belief" the defendant infringed. 585 F. Supp. 3d 32, 35 (D.D.C. 2008). The court noted that a complaint must include "some information" about the circumstances giving rise to the claims, and found that the plaintiff failed to include any information. Id. Here, Edge's Amended Complaint contains information about the circumstances giving rise to the claims and identifies specific examples of trading activities that are being accused of infringement. See Am. Compl. ¶¶ 90-105, 131. The Amended Complaint asserts, for example, that "Wolverine Trading entered into five separate transactions for options contracts with account acronym GRF on January 27, 2009." Id. ¶ 94. Thus, Edge has provided sufficient specificity for Wolverine to formulate a response.

Further details as to alleged infringing activities will be obtained through discovery; specifically, Local Patent Rule 2.2 requires Edge to serve "Initial Infringement Contentions" to Defendants identifying each accused instrumentality. Local Patent Rule 2.2; see also Pfizer Inc. v. Apotex Inc., 726 F. Supp. 2d 921, 938 (N.D. Ill. 2010) ("[D]ismissal of Apotex's counterclaims for failure to satisfy Rule 8(a) would undermine the Local Patent Rules, which require more detailed disclosures at a later stage."). Accordingly, Wolverine's Motion to Dismiss is denied.

For the foregoing reasons, both Motions to Dismiss are denied. In light of this ruling, the parties may proceed with discovery.

IT IS SO ORDERED.