**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDGE CAPTURE L.L.C., and EDGE SPECIALISTS, L.L.C., ) ) ) | |
| Plaintiffs, ) | Civil Action No. 09 CV 1521 |
| v. ) ) | Judge Charles R. Norgle, Sr. |
| BARCLAYS BANK PLC, BARCLAYS CAPITAL ) INC., UBS AG, UBS FINANCIAL SERVICES ) INC., UBS SECURITIES LLC, WOLVERINE ) TRADING, L.L.C., AND WOLVERINE ) EXECUTION SERVICES, L.L.C., ) ) | Magistrate Judge Denlow |
| Defendants. ) | |

**THE BARCLAYS AND UBS DEFENDANTS' OPPOSITION TO PLAINTIFF
EDGE CAPTURE L.L.C.'S AND EDGE SPECIALISTS, L.L.C.'S MOTION
TO STRIKE DEFENDANTS' RENEWED MOTION TO BIFURCATE**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................... 1

II. ARGUMENT ............................................................................................................................ 2

    A. The Court Has Not Ruled on Defendants' Request for Bifurcation ....................... 2

    B. Defendants Seek Bifurcation to Resolve the Case Efficiently and Any Delay Thus Far Is Attributable to Edge ................................................................ 4

    C. Defendants' Bifurcation Motion Is Not "Entirely Redundant," As Edge Claims ....................................................................................................................... 6

    D. Edge's Motion to Strike Is Procedurally Improper ................................................ 7

III. CONCLUSION ........................................................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alswager v. Rocky Mt. Instrumental Labs., Inc.*,
　No. 09-CV-52, 2010 U.S. Dist. LEXIS 26208 (E.D. Wis. Mar. 19, 2010) ..........................7, 8

*Heller Fin., Inc. v. Midwhey Powder Co.*,
　883 F.2d 1286 (7th Cir. 1989) ......................................................................................................8

*In re Bilski*,
　545 F.3d 943 (Fed. Cir. 2008)..........................................................................................3, 5, 7

*Int'l Longshoremen's Ass'n v. Virginia Int'l Terminals, Inc.*,
　904 F. Supp. 500 (E.D. Va. 1995) ...............................................................................................8

*Jones v. City of Topeka*,
　764 F. Supp. 1423 (D. Kan. 1991) ..............................................................................................8

*Knight v. United States*,
　845 F. Supp. 1372 (D. Ariz. 1993) ..............................................................................................7

*Webb v. City of Joliet*,
　No. 03 C 4436, 2005 U.S. Dist. LEXIS 9573 (N.D. Ill. May 4, 2005).......................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(f)...............................................................................................................7

## I. INTRODUCTION.

Defendants Barclays Bank PLC and Barclays Capital Inc. (collectively, "Barclays"), and UBS AG, UBS Financial Services Inc., and UBS Securities LLC (collectively, "UBS"), respectfully request that the Court deny Edge Capture L.L.C. and Edge Specialists, L.L.C.'s (collectively, "Edge") Motion to Strike Defendants' Renewed Motion To Bifurcate. *First*, Edge's motion is premised on the incorrect assertion that Barclays and UBS' motion for bifurcation has been ruled on. The Court has not addressed, let alone ruled on, bifurcation, and defendants' motion is properly before the Court. *Second*, defendants have not sought bifurcation for purposes of delay, as Edge incorrectly contends. Given the compelling justifications for bifurcation, and the clear invalidity and unenforceability evidence that defendants present in their motion to bifurcate, it makes perfect sense to hold off from launching into potentially-unnecessary infringement issues and discovery until the Court rules on bifurcation. *Third*, defendants' bifurcation motion is not redundant "in [its] entirety" of previously briefed issues, as Edge claims. Rather, defendants' motion presents newly-developed information and arguments that further justify bifurcation. *Finally*, Edge's motion is procedurally improper, as motions to strike are limited to matters in the pleadings and are not properly brought against other motions. UBS and Barclays, therefore, respectfully request that Edge's motion to strike be denied.[1]

---

[1] Edge wrongly accuses defendants of "*ad hominem* attacks against Edge, its principals and its patents." D.E. 144 at 1, 4. Defendants have raised legitimate allegations of invalidity and inequitable conduct based, in part, on Edge's failure to inform the Patent Office of material prior art, notwithstanding its duty to do so. *See* D.E. 138 at 11-12. Moreover, Edge's principal, Bradley Griffith, was forced to step down from his position as Vice Chairman of the Chicago Board of Options Exchange (CBOE), because of alleged business conflicts related to Edge's lawsuits against CBOE members. *See id*., Exs. 42-43. In his position as Vice Chairman, Mr. Griffith had access to defendants' confidential and proprietary information, and Edge made use of that information in this lawsuit. *See id*., Ex. 41. This and other conduct will play a key role in this case and form the basis for legitimate counterclaims raised by defendants, devoid of any "*ad hominem* attacks."

## II. ARGUMENT.

### A. The Court Has Not Ruled on Defendants' Request for Bifurcation.

Edge's motion is premised on the incorrect assertion that the Court has already ruled on bifurcation. Yet, bifurcation has not been previously addressed by the Court, let alone ruled on. Defendants Barclays and UBS first raised the issue of bifurcation on June 5, 2009, as an alternative to their motion to dismiss. *See* D.E. 36. As part of their affirmative motion, Barclays and UBS moved to dismiss Edge's original Complaint for failure to state a claim, in light of Edge's inadequate and conclusory infringement allegations that failed to identify any infringing instrumentality or otherwise comply with the fundamental pleading requirements. *See* D.E. 37 at 1-7.[2] In the ***alternative***, the Barclays and UBS defendants requested that, ***if Edge's Complaint was allowed to stand***, the Court bifurcate the case and adjudicate invalidity and unenforceability issues before addressing any infringement and damages issues, in the interests of efficiency and judicial economy. D.E. 37 at 7-15. As part of this alternative request, defendants presented clear evidence that Edge's patents are invalid and unenforceable, and argued that bifurcation would allow the Court to efficiently dispose of the case and avoid costly—and potentially unnecessary—proceedings on infringement and damages. *Id*.

On October 20, 2009, the Court issued its ruling on defendants' motions to dismiss. D.E. 72. While the Court stopped short of ordering dismissal, it effectively agreed with defendants and ***granted relief***, requiring Edge to come forth with a more definite statement and to remedy its vague and ambiguous infringement allegations:

> ***[B]ecause of the vague and ambiguous nature of many of the allegations contained in the Complaint, the Court requires Edge to file a more definite statement*** pursuant to Rule 12(e). <u>See</u> FED. R. CIV. P. 12(e) (noting that a more

---

[2] Defendants Wolverine Trading, LLC and Wolverine Execution Services, LLC's (collectively, "Wolverine") separately filed their own motion to dismiss on similar grounds. D.E. 48.

2

> definite statement is appropriate where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response"); see also <u>Ventre v. Datronic Rental Corp.</u>, No. 92 C 3289, 1996 WL 66115, at *2 (N.D. Ill. Feb. 13, 1996) (noting that a court need not accept as true any improperly pleaded allegation, such as a legal conclusion). In particular, ***Edge's description of defendants' alleged infringing activities lacks specificity***. Therefore, Edge has until December 4, 2009 to file its more definite statement.

D.E. 72 (emphasis added). The Court also recognized the suspect validity of Edge's patents, stating that "***substantial issues*** remain concerning the ***validity*** of Edge's '629 and '833 patents under *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008)." *Id.* (emphasis added).

The Court's ruling at D.E. 72 is clearly directed to the propriety of Edge's Complaint, not bifurcation. Edge nevertheless clings to the fact that the Court's Order refers to the ***title*** of Barclays and UBS' motion, which includes defendants' ***alternative*** request for bifurcation. *See* D.E. 144 at 1. The Court's Order, however, makes no other mention of bifurcation and does not address any of the underlying rationale supporting defendants' alternative request—and for good reason: Edge had yet to come forward with an adequate pleading giving notice of what activities, if any, were being accused of infringement. Until Edge met that burden, it was simply premature to address whether Edge's unspecified infringement claims should be bifurcated from the invalidity and unenforceability issues.

Edge's motion to strike is further undermined by the fact that Barclays and UBS have repeatedly raised in other filings their desire to seek bifurcation. For example, after Edge filed its Amended Complaint on December 4, 2009, Barclays and UBS moved to dismiss on the grounds that the Amended Complaint failed to adequately specify Edge's indirect infringement allegations, and that the patents are invalid under *In re Bilski*. *See* D.E. 75. There, Barclays and UBS expressly reserved their right to seek bifurcation if the motion was denied. *See* D.E. 76 n.4. When the parties subsequently briefed the validity of Edge's claims under *Bilski*, Barclays and UBS again reserved their right to pursue their bifurcation, if necessary. *See* D.E. 110 at 15 n.21;

3

D.E. 121 at 15 n.15. After the Court ultimately declined to invalidate Edge's patents on the present record (*see* D.E. 134), counsel for Barclays and UBS informed the Court at the February 11, 2011 status conference that Barclays and UBS planned to renew their request for bifurcation. The Court instructed the parties to confer on all scheduling issues, and Barclays and UBS have worked with Edge to do so.[3] As a result, Barclays and UBS respectfully submit that bifurcation is properly before the Court and ripe for determination. Accordingly, Edge's arguments regarding the law of the case and reconsideration (*see* D.E. 144 at 3-5) are moot, and its motion should be denied.[4]

> **B.  Defendants Seek Bifurcation to Resolve the Case Efficiently and Any Delay Thus Far Is Attributable to Edge.**

Ignoring the clear benefits of bifurcation, Edge goes on to improperly claim that defendants brought their motion to bifurcate merely to delay this action. *See* D.E. 144 at 5-6. Edge is wrong. Edge contends that defendants purportedly "refused" to conduct a Rule 26(f) conference and address scheduling issues, wrongly suggesting that defendants have sought to avoid these issues. *See id*. at 6. Edge's argument ignores the fact, however, that it repeatedly attempted to prematurely jump-start discovery, even requiring defendants to seek relief from the Court—which the Court granted:

---

[3] Edge initially agreed on February 28, 2011 to a briefing schedule for the motion to bifurcate, but subsequently backpedaled on March 4, 2011, stating that it intended to move to strike the motion. That same day, Barclays and UBS filed their renewed motion for bifurcation (D.E. 137), which Wolverine joined (D.E. 141). On March 9, 2011, Edge filed the present motion to strike. *See* D.E. 143.

[4] The impropriety of Edge's motion is underscored by its attempt to argue the merits of bifurcation (*see* D.E. 144 at 4-5), which are not grounds for a motion to strike. As Barclays and UBS explained in their memorandum, bifurcation is within the sound discretion of the court and appropriate here because (i) there is clear evidence that Edge's patents are invalid for lack of patentable subject matter, anticipation, and obviousness and unenforceable due to Edge's pattern of inequitable conduct; (ii) bifurcation would likely moot the purported need for (a) Edge's invasive discovery into defendants' highly-confidential business information and (b) the associated discovery disputes; and (iii) addressing invalidity and unenforceability first would simplify the issues for any infringement proceedings. *See* D.E. 138.

- Edge first points to its July 15, 2009 request for a Rule 26(f) conference, failing to note that, at the time, the infringement allegations in the pending Complaint were inadequate and deficient, and subject to pending motions to dismiss for failure to state a claim. *See* D.E. 144 at 5-6. After defendants explained that a Rule 26(f) was premature at that stage, (*see* D.E. 144-4, Meghjee Decl. Ex. 3), Edge nevertheless attempted to press forward with discovery, forcing defendants to seek relief from the Court. The Court ***granted*** defendants' motion and continued all discovery obligations pending a decision on the motions to dismiss—which Edge fails to mention. *See* D.E. 58.

- Edge next points to its October 26, 2009 request for a Rule 26(f) conference, misleadingly suggesting that a Rule 26(f) conference was ripe at that point because the Court had denied defendants' motions to dismiss. *See* D.E. 144 at 6. Here, Edge fails to mention that its Complaint was inadequate and that Edge had been ordered to come forward with a more definite statement, which had yet to be filed.[5] Thus, even though it remained unclear what Edge was accusing of infringement, Edge again attempted to press forward with infringement discovery. A Rule 26(f) conference was premature and inappropriate at that time, as defendants' counsel explained. *See* D.E. 144-6, Meghjee Decl. Ex. 5. Fortunately, Edge dropped its inappropriate request without the need for the Court's intervention.

- Finally, Edge points to its July 9, 2010, request for a Rule 26(f) conference, again misleadingly suggesting that defendants sought to avoid moving the case forward. *See* D.E. 144 at 5-6. However, at that time, the Supreme Court had just issued its decision in *Bilski*, and the case had been stayed up until that point. Moreover, this Court had previously granted defendants leave to re-file their motions to dismiss to address the Supreme Court's ruling (*see* D.E. 93), and all discovery obligations remained stayed (*see* D.E. 58). It was, thus, still premature to dive into Rule 26(f) scheduling issues at the time, as defendants' counsel explained yet again. *See* D.E. 144-9, Meghjee Decl. Ex. 8. Not surprisingly, Edge fails to explain any of these circumstances to the Court, and instead, suggests that defendants wrongfully refused to advance the case.[6]

---

[5] Edge did not file its more definite statement/Amended Complaint until December 4, 2009. D.E. 74.

[6] Edge's allegations that defendants have engaged in "vexatious litigation tactics" are false (D.E. 144 at 4), and they should not be well-taken by the Court—particularly in light of Edge's own tactics in repeatedly attempting to press forward with discovery prematurely, in the face of the Court's Orders.

5

Putting the above aside, the parties conducted a Rule 26(f) conference on March 9, 2011 and all parties agreed that the schedule for moving forward should be tied to the Court's bifurcation ruling.[7]

### C. Defendants' Bifurcation Motion Is Not "Entirely Redundant," As Edge Claims.

Edge erroneously claims that "Defendants' 'renewed' motions are, in their entirety, redundant of their earlier request to bifurcate . . . ."[8] D.E. 144 at 2. While the same arguments still support bifurcation (and it is unreasonable for Edge to expect that defendants would abandon them), the renewed bifurcation motion presents additional arguments, facts and evidence that have developed over the past year. For example, defendants' motion cites to additional, newly-discovered prior art that further confirms that Edge's patents were improperly granted, providing even more justification to proceed with invalidity issues first. *See* D.E. 138 at 9. As another example, the invalidity arguments and claim charts in support of the motion also address the particular asserted patent claims that Edge finally identified after the Court ordered Edge to provide more specificity. *See* D.E. 138, Exs. 8-9, 12-13, 18-19, 22-23 and 25-26 (new claim charts). In addition, the renewed bifurcation motion draws on the Supreme Court's *Bilski*

---

[7] Edge alludes to some unspecified prejudice from having to wait a few more weeks for the Court to rule on bifurcation. *See* D.E. 144 at 1. Edge, however, waited two years after the issuance of its patents to file this lawsuit, and the Court and the parties have since been forced to deal with Edge's inadequate pleading allegations and its patents' suspect validity. Edge also attempted to file a joint response to the UBS/Barclays and Wolverine defendants' separate motions to dismiss. D.E. 112. The Court denied Edge's attempt as prejudicial to the defendants, but granted Edge additional time to file its responses, resulting in a delay. *See* D.E. 117. Thus, any "delay" in this case is largely due to Edge's actions.

[8] Edge also wrongfully suggests that Barclays and UBS' motions to dismiss were similarly duplicative, and merely briefed "the same issues to the Court." D.E. 144 at 1. Following defendants' first motion to dismiss, the Court ordered Edge to correct its "vague and ambiguous" Complaint and come forward with a more definite statement. D.E. 72. The Barclays and UBS defendants' second motion to dismiss raised the new issue of patent invalidity under *Bilski*. *See* D.E. 76. Finally, the Court granted leave for defendants' third motion to dismiss, following the Supreme Court's *Bilski* decision. *See* D.E. 93. These motions were not duplicative.

decision and the parties' related briefing, which confirm that the Court should bifurcate the case and allow the record on invalidity and unenforceability to be crystallized to support a ruling on these issues. *See* D.E. 72 (The Court: "substantial issues remain concerning the validity of Edge's . . . patents under *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008)."); D.E. 93 at 2 (The Court: "*Bilski* could have a significant impact on the viability of Edge's patent claims."); D.E. 134 (emphasis added) (The Court: "[D]efenses such as invalidity under § 101 require a court to construe the claims at issue and are appropriately resolved by summary judgment or adjudication at trial;" "invalidity under § 101 would be inappropriate **on the record now before the Court**."). Bifurcation would allow the record to sufficiently develop for resolution and best dispose of the case efficiently and economically.

      **D.**      **Edge's Motion to Strike Is Procedurally Improper.**

Edge relies exclusively on Fed. R. Civ. P. 12(f) as the basis for its motion to strike. *See* D.E. 144 at 2. Rule 12(f), however, contemplates motions to strike certain matters "from a pleading," not a motion. Indeed, courts in this district and elsewhere have repeatedly recognized that moving to strike a brief or motion is improper because "a brief is not a pleading." *Webb v. City of Joliet*, No. 03 C 4436, 2005 U.S. Dist. LEXIS 9573, at *6 (N.D. Ill. May 4, 2005) (Ex. 1)[9] (denying motion to strike statements from a reply brief); *Alswager v. Rocky Mt. Instrumental Labs., Inc.*, No. 09-CV-52, 2010 U.S. Dist. LEXIS 26208, at *3-4 (E.D. Wis. Mar. 19, 2010) (Ex. 2) ("The only allowance for motions to strike is found in Federal Rule of Civil Procedure 12(f). However, such motions are not appropriate for briefs and affidavits."); *Knight v. United States*, 845 F. Supp. 1372, 1374 (D. Ariz. 1993), *aff'd*, 77 F.3d 489 (9th Cir.), *cert. denied* 117 S. Ct. 238, 136 L. Ed. 2d 168 (1996) (motions to strike apply only to pleadings and not to motions);

---

[9] "Ex." refers to the exhibits to the Declaration of Jeffrey G. Randall in support of this opposition.

7

*Jones v. City of Topeka*, 764 F. Supp. 1423, 1425 (D. Kan. 1991) (motions to strike are directed at "pleadings;" therefore, such a motion could not be used to strike plaintiff's motion for partial summary judgment); *Int'l Longshoremen's Ass'n, Steamship Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (summary judgment briefs and affidavits are not pleadings; therefore, a motion to strike is not a proper method for challenging such briefs and affidavits).

Of course, even for pleadings, motions to strike are disfavored. *See Alswager*, 2010 U.S. Dist. LEXIS 26208, at *4 (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("Even properly brought regarding a pleading, motions to strike are generally disfavored because they are seen as tools to delay litigation."). Therefore, Edge's motion should be denied.

### III. CONCLUSION.

For the foregoing reasons, Barclays and UBS respectfully request that the Court deny Edge's motion to strike.

Respectfully submitted,

Dated: March 25, 2011    By: _____*/s/ Jeffrey G. Randall*_____
Jeffrey G. Randall (admitted *pro hac vice*)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1117 S. California Avenue
Palo Alto, CA 94304-1106
Tel: (650) 320-1800

Allan M. Soobert (admitted *pro hac vice*)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1700

8

Emily Newhouse Dillingham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 N. Wacker Drive
Chicago, IL 60606
Tel: (312) 499 6292

*Attorneys for Defendants Barclays Bank PLC, Barclays Capital Inc., UBS AG, UBS Financial Services Inc., and UBS Securities LLC*

9

**CERTIFICATE OF SERVICE**

I, Jeffrey G. Randall, hereby certify that on March 25, 2011, I caused a true and correct copy of the foregoing Opposition to Plaintiff Edge Capture L.L.C.'s and Edge Specialists, L.L.C.'s Motion To Strike Defendants' Renewed Motion To Bifurcate to be served by electronic filing using the CM/ECF system upon:


Sang A. Young Brodie
sybrodie@rkmc.com, mjlarson@rkmc.com, mmtacheny@rkmc.com

Patrick G. Burns
pburns@gbclaw.net, docket@gbclaw.net

Glenna Lynn Gilbert
glgilbert@rkmc.com, dmlafrance@rkmc.com

Munir R. Meghjee
mrmeghjee@rkmc.com, ljlewis@rkmc.com, jkcornelius@rkmc.com

Ronald Schutz
rjschutz@rkmc.com

Robert W. Unikel
Robert.unikel@kayescholer.com; maondil@kayescholer.com

Deanna Keysor
deanna.keysor@kayescholer.com

Michelle K. Marek
michelle.marek@kayescholer.com

Jeana R. Lervick
jlervick@gbclaw.net; docket@gbclaw.net

Gavin James OKeefe
gokeefe@gbclaw.net


Dated: March 25, 2011               By: */s/ Jeffrey G. Randall*