**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDGE CAPTURE L.L.C. and EDGE SPECIALISTS, L.L.C., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 09 CV 1521 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., UBS AG, UBS FINANCIAL SERVICES INC., UBS SECURITIES, L.L.C., WOLVERINE TRADING, L.L.C., AND WOLVERINE EXECUTION SERVICES, L.L.C., | ) ) ) ) ) ) ) ) | Judge Charles R. Norgle, Sr.

Magistrate Judge Denlow |
| Defendants. | ) ) | |

## PLAINTIFFS EDGE CAPTURE L.L.C.'S AND EDGE SPECIALISTS, L.L.C.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' RENEWED MOTIONS TO BIFURCATE

## INTRODUCTION

Since Edge filed its Complaint over two years ago, Defendants have engaged in an effort to delay this case through repetitive motion practice. Now that the Court has denied the most recent round of Rule 12 motions, and allowed this case to "proceed with discovery," Defendants have continued their delay efforts. Defendants have filed "renewed" motions to bifurcate this litigation (and have their patent counterclaims tried first, while Edge's claims are stayed) even though the Court summarily denied their first motions to bifurcate almost a year and a half ago.

Edge filed its motion to strike the "renewed" motions in order to save the parties and the Court the time and expense to brief and decide issues previously determined. This is not the first time that this Court has addressed a defendant that files redundant motions to bifurcate. In *THK America, Inc. v. NSK Co. Ltd.*, this Court denied the defendants' second motion to bifurcate, and awarded the plaintiff attorneys' fees for "being forced to re-litigate a matter put to rest over a year ago." 151 F.R.D. 625, 633-34 (N.D. Ill. 1993) (Norgle, J.). If the Court does not strike Defendants' "renewed" motions here, the motions should at least be denied, and attorneys' fees awarded to Edge for re-briefing and rearguing this repetitive motion.

## ARGUMENT

### I.   This Court Denied Defendants' Motions to Bifurcate, And Should Therefore Decline To Decide The Issue Again.

Defendants do not deny that they have previously moved to bifurcate their counterclaims of patent invalidity and unenforceability from Edge's claims of infringement and damages (effectively requesting that the Court stay any proceeding on Edge's claims until the conclusion of trial on Defendants' counterclaims). Nor could they. On June 5, 2009, Barclays and UBS filed a "Motion to Dismiss For Failure to State a Claim **or, Alternatively, to Bifurcate Patent Invalidity and Unenforceability from Alleged Infringement and Damages**." (D.E. 36.)

Likewise, Wolverine filed on July 6, 2009, a "Motion to Dismiss or, **Alternatively, to Join Co-Defendants' Motion for Bifurcation**." (D.E. 48.) [1]

This Court then denied both of these motions. On October 20, 2009, the Court clearly held that:

> Before the court is Barclays and UBS' motion to dismiss plaintiffs Edge Capture LLC and Edge Specialists LLC's ("Edge") patent infringement complaint pursuant to Rule 12(b)(6), or, alternatively, to bifurcate patent invalidity from infringement pursuant to Rule 42(b). Wolverine's motion to dismiss is also before the Court. For the following reasons, **the Court denies the motions**, but gives Edge until December 4, 2009 to file a more definite statement pursuant to Rule 12(e).

(D.E. 72) (emphasis added.)

Despite the clear language of this Order, Defendants argue that the Court did not rule on bifurcation. Defendants' reasoning is convoluted – the Court, argue Defendants, would only have reached the question of bifurcation if it denied the motions to dismiss, and since the Court ordered Edge to file a more definite statement, the Court did not rule on bifurcation. Defendants ignore the obvious. In the Court's October 20, 2009 Order, this Court did in fact deny the motions to dismiss. (D.E. 72.) That the Court ordered Edge to file a more definite statement under Rule 12(e) does not impact the question of bifurcation. Plaintiffs' Amended Complaint did not change the substance of Defendants' arguments regarding bifurcation, nor did it appear to change the patent counterclaims Defendants asserted when they finally filed their Answers.

---

[1] In what is its pattern, Wolverine joined in Barclays' and UBS's second motion to bifurcate on March 8, 2011, as it did the first time the issue was raised. (D.E. 141.) Wolverine in its renewed motion presented no independent arguments for bifurcation. Wolverine did not even bother to respond to Edge's motion to strike. Wolverine in its renewed motion also stated that it "reserves the right to file a reply memorandum," in which one would assume it would raise arguments for bifurcation on its own behalf for the first time, in an effort to prevent Edge from having an opportunity to respond. *Id.* at 2. This gamesmanship of the Rules has become typical of Defendants in this litigation.

Defendants' second motions to bifurcate in this litigation are an attempt to use their loss on the first motions as a ground for filing yet another motion on the same issue.

Nor does Defendants' argument that they dropped footnotes in subsequent filings regarding bifurcation help them. Under Defendants' view, any new pleading by any party would give Defendants license to re-file motions on issues previously decided by the Court, so long as Defendants continue to drop footnotes in their pleadings "reserving the right" to do so. This is nonsense.

Moreover, Defendants offer no arguments in their second motions that they could not have offered, or that they did not already offer, in their first motions. While Defendants now claim that they have raised an additional piece of alleged prior art as a basis for invalidity, they make no effort to argue that this reference could not have been raised previously. Second, to support their claims that the patents are allegedly invalid, which requires clear and convincing evidence, Defendants could have included claim charts for all claims in the patents in the first motions. Indeed, under the Local Patent Rules, a plaintiff is not required to identify claims of a patent that it alleges are infringed, until after a defendant first makes its initial disclosures of "documents sufficient to show the operation and construction" of the accused method or instrumentality identified in the pleadings. N.D. Ill. L.P.R. 2.1 and 2.2. [2]

## II. Edge Should Not Be Forced To Respond To Redundant Pleadings On Matters Already Determined.

In *THK America, Inc. v. NSK Co. Ltd.*, this Court dealt with a similar issue as presented here – redundant motions to bifurcate that were brought on nearly identical grounds. In *THK Am.*, the defendants' first Rule 42(b) motion was denied. 151 F.R.D. at 630. The defendants' first

---

[2] In footnote 1 of Barclays' and UBS's response brief, Defendants with no factual support accuse Edge of using Defendants' confidential and proprietary information to bring this lawsuit. That accusation is false.

bifurcation motion sought to separate the issues of liability from damages, and to stay discovery on damages until a determination of liability was reached. *Id.* at 631. The Magistrate Judge held "that separate jury trials and separate discovery phases would not in any way promote judicial economy. Instead, it would result in additional expense to all parties, and would unduly prolong the litigation to the prejudice of the plaintiff." *Id.* at 632.

The defendants in *THK Am.* filed another bifurcation motion. *Id.* at 633. The Court found that the defendants' second bifurcation motion was "nothing more than a second bite at the proverbial apple." *Id.* The Court made clear that:

> It is unfair to [plaintiff] to have to re-litigate matters already resolved or which could have been resolved had defendants presented the issues – as they should have – in their [first] bifurcation motion. [Plaintiff] is entitled to rely on the finality of certain issues, and not be forced to combat resurrected demons.

*Id.* The Court also held that "[i]t is for this reason that [the plaintiff] should be reimbursed for its reasonable attorneys' fees necessarily incurred in being forced to re-litigate a matter put to rest over a year ago." *Id.*

Edge respectfully requests that it be permitted to rely on the finality of this Court's prior decision, and should not have to expend resources in combating against "resurrected demons."

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Strike Defendants' Renewed Motions to Bifurcate (D.E. 137-142).

Dated: April 1, 2011                    Respectfully submitted,

                                        By:  /s/ Patrick G. Burns
                                             Ronald J. Schutz (*pro hac* vice)
                                             Munir R. Meghjee (*pro hac* vice)
                                             Sang Young A. Brodie (*pro hac* vice)
                                             Glenna L. Gilbert (ARDC No. 6286244)
                                             **ROBINS, KAPLAN, MILLER & CIRESI, L.L.P**.
                                             800 LaSalle Avenue, Suite 2800
                                             Minneapolis, MN 55402
                                             Telephone: (612) 349-8500

                                             Patrick G. Burns (ARDC No. 3122589)
                                             Jeana R. Lervick (ARDC No. 6277887)
                                             Gavin James O'Keefe (ARDC No. 6293489)
                                             **GREER, BURNS & CRAIN, LTD.**
                                             300 South Wacker Drive, Suite 2500
                                             Chicago, Illinois  60606
                                             Telephone:  (312) 360-0080

                                             **ATTORNEYS FOR PLAINTIFFS**
                                             **EDGE CAPTURE L.L.C. AND EDGE**
                                             **SPECIALISTS, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 1 2011, he caused a true and correct copy of **PLAINTIFFS EDGE CAPTURE L.L.C.'S AND EDGE SPECIALISTS, L.L.C.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' RENEWED MOTIONS TO BIFURCATE** to be served on the below parties through the CM/ECF system:

| | |
|---|---|
| Jeffrey G. Randall | jeffrandall@paulhastings.com |
| Allan M. Soobert | allansoobert@paulhastings.com |
| Emily Newhouse Dillingham | emilydillingham@paulhastings.com |
| Robert W. Unikel | robert.unikel@kayescholer.com |
| Deanna L. Keysor | deanna.keysor@kayescholer.com |
| Michelle Kristina Marek | michelle.marek@kayescholer.com |

 /s/ Patrick G. Burns
Patrick G. Burns