**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDGE CAPTURE L.L.C., and EDGE SPECIALISTS, L.L.C., </br></br>　　　　　Plaintiffs, </br></br>　　v. </br></br>BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., UBS AG, UBS FINANCIAL SERVICES INC., UBS SECURITIES LLC, WOLVERINE TRADING, L.L.C., AND WOLVERINE EXECUTION SERVICES, L.L.C., </br></br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 09 CV 1521 </br></br>Judge Charles R. Norgle, Sr. </br></br>Magistrate Judge Denlow |

**THE BARCLAYS AND UBS DEFENDANTS' SUR-REPLY IN OPPOSITION TO
PLAINTIFF EDGE CAPTURE L.L.C.'S AND EDGE SPECIALISTS, L.L.C.'S
MOTION TO STRIKE DEFENDANTS' RENEWED MOTION TO BIFURCATE**

Defendants Barclays Bank PLC and Barclays Capital Inc. (collectively, "Barclays"), and UBS AG, UBS Financial Services Inc., and UBS Securities LLC (collectively, "UBS"), hereby submit this Sur-Reply in Opposition to Edge Capture L.L.C.'s and Edge Specialists, L.L.C.'s (collectively, "Edge") Motion to Strike Defendants' Renewed Motion To Bifurcate to address newly requested "relief" and new authority purportedly addressing the same issue before the Court—which Edge did not raise in its opening brief. See Edge Reply at 1. Edge's shift in position is clearly improper and confirms that its motion to strike should be denied.[1]

*First*, Edge now requests, for the first time, unspecified attorneys' fees related to its briefing on defendants' renewed motion to bifurcate. Edge's request is clearly inappropriate as it never made this request in its opening memorandum in support of its motion to strike. Edge also ignores the fact that its entire motion to strike is procedurally improper. Indeed, motions to strike are limited to matters in the pleadings, and a brief is not a pleading, as numerous courts have held. See Opp. at 7-8 (citing authority); *Webb v. City of Joliet*, No. 03 C 4436, 2005 U.S. Dist. LEXIS 9573, at *6 (N.D. Ill. May 4, 2005) (Ex. 1) (denying motion to strike). While Barclays and UBS raised this unequivocal authority in response to Edge's motion, Edge failed to address it in reply, adding instead its new request for attorneys' fees. Edge's change in position underscores the impropriety of its motion to strike, and Edge should simply have raised any and all arguments in its opposition to defendants' renewed bifurcation motion.[2]

---

[1] Edge also wrongly asserts that "Plaintiffs' Amended Complaint did not change the substance of Defendants' arguments regarding bifurcation" and "Defendants offer no arguments in their second motions that they could not have offered, or that they did not already offer." Edge Reply at 2-3. For example, defendants specifically addressed the invalidity of all the claims that were newly asserted in Edge's Amended Complaint. See D.E. 138, Exs. 8-9, 12-13, 18-19, 22-23, 25-26.

[2] In fact, Edge *did* raise the same arguments from its motion to strike in its opposition to defendants' motion to bifurcate (*see* D.E. 154 at 2-3), further demonstrating that its motion to strike is completely unnecessary. Edge's claim that it "filed its motion to strike the 'renewed' motions in order to save the parties and the Court the time and expense" is entirely disingenuous. Edge Reply at 1.

1

*Second*, Edge attempts to justify its new request for attorneys' fees by relying on *THK America v. NSK Co.*, 151 F.R.D. 625 (N.D. Ill. 1993) (Rosemond, M.J.), which Edge failed to cite in its opening brief—notwithstanding its claim that *THK* "dealt with a similar issue as presented here." Edge Reply at 3. *THK* is, however, inapposite and does not support Edge's newly-raised request. In *THK*, the defendant requested bifurcation of willfulness from liability and damages on the eve of trial, after the Court had previously issued a written opinion detailing its rationale in denying a broader bifurcation request earlier in the case. 151 F.R.D. at 634. Not surprisingly, the magistrate judge found that the second bifurcation motion had been "already resolved," "present[ed] a completely contrary position [as compared to the prior bifurcation motion]," and "present[ed] nothing new by way of facts or law." *Id.* Here, of course, the situation is different: this Court did ***not*** rule on defendants' original bifurcation request, let alone provide any comments or rationale in addressing the request.[3] Moreover, defendants' renewed request here was made before the commencement of discovery and is not only consistent with the initial request, but also presents new facts and justifications for bifurcation, unlike in *THK*.[4] *See* Opp. at 2-4, 6-7. Thus, *THK* does not support Edge's position, it undermines it.

Accordingly, Barclays and UBS respectfully request that the Court deny Edge's motion to strike and also reject Edge's new request for attorneys' fees raised in reply.[5]

---

[3] It makes perfect sense that the Court here did not reach defendants' initial bifurcation request, which had been raised in the ***alternative*** to a motion to dismiss. Indeed, the Court effectively granted relief on defendants' ***primary*** request to dismiss (ordering Edge to provide a more specific complaint), mooting, for the time being, defendants' alternative request for bifurcation. *See* D.E. 72. Until Edge repleaded its infringement claims, it was premature to bifurcate them.

[4] Defendants reminded Edge and the Court in subsequent briefing that they intended to pursue bifurcation, if necessary. *See* D.E. 110 at 15 n.21; D.E. 121 at 15 n.15. Edge claims that this reservation of rights is "nonsense," but does not explain why it failed to respond to defendants' clear intent to pursue bifurcation.

[5] If anything, attorneys' fees would be more appropriately awarded to defendants, as defendants were required to oppose Edge's improper motion to strike and then file this sur-reply in response to newly raised issues in Edge's reply.

                                      Respectfully submitted,

Dated: April 7, 2011         By:     */s/ Jeffrey G. Randall*

                                      Jeffrey G. Randall (admitted *pro hac vice*)
                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                      1117 S. California Avenue
                                      Palo Alto, CA 94304-1106
                                      Tel: (650) 320-1800

                                      Allan M. Soobert (admitted *pro hac vice*)
                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                      875 15th Street, N.W.
                                      Washington, DC 20005
                                      Tel: (202) 551-1700

                                      Emily Newhouse Dillingham
                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                      191 N. Wacker Drive
                                      Chicago, IL 60606
                                      Tel: (312) 499 6292

                                      *Attorneys for Defendants Barclays Bank PLC, Barclays Capital Inc., UBS AG, UBS Financial Services Inc., and UBS Securities LLC*

**CERTIFICATE OF SERVICE**

I, Jeffrey G. Randall, hereby certify that on April 7, 2011, I caused a true and correct copy of the foregoing Sur-Reply in Opposition to Plaintiff Edge Capture L.L.C.'s and Edge Specialists, L.L.C.'s Motion To Strike Defendants' Renewed Motion To Bifurcate to be served by electronic filing using the CM/ECF system upon:


Sang A. Young Brodie
sybrodie@rkmc.com, mjlarson@rkmc.com, mmtacheny@rkmc.com

Patrick G. Burns
pburns@gbclaw.net, docket@gbclaw.net

Glenna Lynn Gilbert
glgilbert@rkmc.com, dmlafrance@rkmc.com

Munir R. Meghjee
mrmeghjee@rkmc.com, ljlewis@rkmc.com, jkcornelius@rkmc.com

Ronald Schutz
rjschutz@rkmc.com

Robert W. Unikel
Robert.unikel@kayescholer.com; maondil@kayescholer.com

Deanna Keysor
deanna.keysor@kayescholer.com

Michelle K. Marek
michelle.marek@kayescholer.com

Jeana R. Lervick
jlervick@gbclaw.net; docket@gbclaw.net

Gavin James OKeefe
gokeefe@gbclaw.net


Dated: April 7, 2011                By:  */s/ Jeffrey G. Randall*

4