# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDGE CAPTURE L.L.C., and EDGE SPECIALISTS, L.L.C., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BARCLAYS BANK PLC, BARCLAYS CAPITAL )<br>INC., UBS AG, UBS FINANCIAL SERVICES )<br>INC., UBS SECURITIES LLC, WOLVERINE )<br>TRADING, L.L.C., AND WOLVERINE )<br>EXECUTION SERVICES, L.L.C., )<br>)<br>Defendants. ) | Civil Action No. 09 CV 1521<br><br>Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Denlow |

**THE BARCLAYS AND UBS DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF EDGE CAPTURE L.L.C.'S AND EDGE SPECIALISTS, L.L.C.'S MOTION TO DISMISS BARCLAYS' AND UBS' STATE LAW AND <u>INEQUITABLE CONDUCT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES</u>**

Defendants Barclays Bank PLC and Barclays Capital Inc. (collectively, "Barclays"), and UBS AG, UBS Financial Services Inc., and UBS Securities LLC (collectively, "UBS"), hereby submit this Sur-Reply in Opposition to Edge Capture L.L.C.'s and Edge Specialists, L.L.C.'s (collectively, "Edge") Motion to Dismiss Barclays' and UBS' State Law and Inequitable Conduct Counterclaims and Affirmative Defenses to address new authority raised by Edge in its Reply brief. Namely, Edge now exclusively relies on the Federal Circuit's recent decision in *Therasense, Inc. v. Becton, Dickinson & Co.*, Nos. 2008-1511, 2008-1512, 2008-1513, 2008-1514, 2008-1595, 2011 U.S. App. LEXIS 10590 (Fed. Cir. May 25, 2011) (en banc) to support its request to dismiss Barclays' and UBS' inequitable conduct counterclaims and affirmative defenses. *See* D.E. 184 at 12-15. Barclays and UBS respectfully submit this Sur-Reply to address this new authority and Edge's new arguments, which Barclays and UBS did not have the opportunity to address in their Opposition.

*First*, Edge incorrectly argues that *Therasense* "significantly tightened the requirements of ***pleading*** intent" and "made it clear that more is required to ***plead*** materiality." *Id.* at 12, 15 (emphasis added). However, *Therasense* plainly did not address – or even mention – the pleading standard for inequitable conduct.[1] Rather, the Court analyzed the standard for ***proving*** inequitable conduct in the context of a post-trial evidentiary finding of inequitable conduct. *See, e.g.,* 2011 U.S. App. LEXIS 10590, at *40. Regardless of whether *Therasense* raised the evidentiary bar for proving inequitable conduct, the standard for evaluating the sufficiency of pleadings is unchanged: the Court must accept Barclays' and UBS' allegations as true.

---

[1] Judge O'Malley's partial concurrence suggests that district courts should continue to apply the inequitable conduct pleading requirements set forth in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), which Barclays and UBS have met. 2011 U.S. App. LEXIS 10590, at *68 (O'Malley, C.J., concurring in part and dissenting in part).

*Second*, Edge continues to assert that Barclays and UBS have failed to adequately allege the inventors' intent to deceive the PTO by withholding highly material prior art and submitting false inventorship declarations. Though Edge now purportedly relies on *Therasense*, Edge is wrong. First, Edge claims "***showing that*** 'the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not ***prove*** specific intent to deceive.'" D.E. 184 at 13 (quoting *Therasense*, 2011 U.S. App. LEXIS 10590, at *40) (emphasis added). Edge's argument is irrelevant. At the pleading stage, "proof" is not required and intent to deceive "may be alleged generally" under Rule 9. Next, Edge claims that the inequitable conduct counterclaims should be dismissed because it is "plausible" that Mr. O'Donnell's inventorship declarations were made in "good faith." D.E. 184 at 13. Here again, Edge disputes "whether Defendants' factual allegations are true" rather than "whether Defendants have pleaded their inequitable conduct claims and defenses with particularity." *CIVIX-DDI, LLC v. Hotels.com L.P.*, 711 F. Supp. 2d 839, 853 (N.D. Ill. 2010). Therefore, Edge's arguments lack merit.

*Third*, Edge also continues to assert that Barclays and UBS have not adequately pled the materiality of Edge's inequitable conduct. First, Edge rehashes its flawed argument that "Defendants offer no allegations of fact that plead or show that the alleged prior art references were not cumulative of art already before the examiner" (D.E. 184 at 14), which Barclays and UBS have already addressed. *See* D.E. 181 at 13-14. Next, relying on *Therasense*, Edge claims that Barclays and UBS have failed to allege "but-for" materiality (*i.e.*, but for Edge's misconduct, the Patents-in-Suit would not have issued). However, the Federal Circuit explicitly held that proof of but-for materiality is ***not*** required to establish inequitable conduct in all cases.

*Therasense*, 2011 U.S. App. LEXIS 10590, at *40.[2] Regardless, Barclays and UBS have sufficiently alleged but-for materiality. Edge implicitly recognizes this by claiming that each of Barclays' and UBS' inequitable conduct claims is a "transformation" of their prior art invalidity arguments. *See* D.E. 184 at 14. **Invalidating** prior art clearly rises to the level of "but-for" materiality. *See Therasense*, 2011 U.S. App. LEXIS 10590, at *37 ("prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art.").[3] Thus, Edge's argument fails. Finally, Edge claims that Mr. O'Donnell's false inventorship declaration was not material because it was filed "in order to ensure the inventorship record was complete." *Id.* at 15. Again, Edge is improperly attacking the truth of the facts pled rather than the sufficiency of the allegations. Therefore, Barclays and UBS have sufficiently pled the materiality of Edge's misconduct.

Edge's motion to dismiss should be denied. However, if the Court determines that more specificity is warranted, Barclays and UBS respectfully request leave to amend their pleadings based on the new authority that was not available at the time of their Answers.

---

[2] "Although but-for materiality generally must be proved to satisfy the materiality prong of inequitable conduct, this court recognizes an exception in cases of affirmative egregious misconduct." *Id.* Here, Barclays and UBS have alleged that Edge "committed inequitable conduct by *engaging in a pattern of deceptive conduct* with intent to deceive the USPTO, breaching their duties of candor and disclosure owed to the USPTO." Answers at ¶ 152 (emphasis added).

[3] In fact, Barclays and UBS have already *shown* but-for materiality through invalidity claim charts. *See* D.E. 138, Exs. 8-9, 22-23. The Court may and should take judicial notice of this showing.

                                        Respectfully submitted,

Dated: June 15, 2011        By:       */s/ Jeffrey G. Randall*

                                        Jeffrey G. Randall (admitted *pro hac vice*)
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        1117 S. California Avenue
                                        Palo Alto, CA 94304-1106
                                        Tel: (650) 320-1800

                                        Allan M. Soobert (admitted *pro hac vice*)
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        875 15th Street, N.W.
                                        Washington, DC 20005
                                        Tel: (202) 551-1700

                                        Emily Newhouse Dillingham
                                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        191 N. Wacker Drive
                                        Chicago, IL 60606
                                        Tel: (312) 499 6292

                                        *Attorneys for Defendants Barclays Bank PLC, Barclays Capital Inc., UBS AG, UBS Financial Services Inc., and UBS Securities LLC*

## CERTIFICATE OF SERVICE

I, Jeffrey G. Randall, hereby certify that on June 15, 2011, I caused a true and correct copy of the foregoing Sur-Reply in Opposition to Plaintiff Edge Capture L.L.C.'s and Edge Specialists, L.L.C.'s Motion To Dismiss Barclays' and UBS' State Law and Inequitable Conduct Counterclaims and Affirmative Defenses to be served by electronic filing using the CM/ECF system upon:

Sang A. Young Brodie
sybrodie@rkmc.com, mjlarson@rkmc.com, mmtacheny@rkmc.com

Patrick G. Burns
pburns@gbclaw.net, docket@gbclaw.net

Glenna Lynn Gilbert
glgilbert@rkmc.com, dmlafrance@rkmc.com

Munir R. Meghjee
mrmeghjee@rkmc.com, ljlewis@rkmc.com, jkcornelius@rkmc.com

Ronald Schutz
rjschutz@rkmc.com

Robert W. Unikel
Robert.unikel@kayescholer.com; maondil@kayescholer.com

Deanna Keysor
deanna.keysor@kayescholer.com

Michelle K. Marek
michelle.marek@kayescholer.com

Jeana R. Lervick
jlervick@gbclaw.net; docket@gbclaw.net

Gavin James OKeefe
gokeefe@gbclaw.net


Dated: June 15, 2011                    By:  */s/ Jeffrey G. Randall*