**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDGE CAPTURE L.L.C., and EDGE SPECIALISTS, L.L.C., ) ) ) Plaintiffs, ) ) v. ) ) BARCLAYS BANK PLC, BARCLAYS ) CAPITAL INC., UBS AG, UBS ) FINANCIAL SERVICES INC., UBS ) SECURITIES LLC, WOLVERINE ) TRADING, L.L.C., AND WOLVERINE ) EXECUTION SERVICES, L.L.C., ) ) Defendants. ) | Civil Action No. 09 CV 1521 **JURY TRIAL DEMANDED** Judge Charles R. Norgle, Sr. Magistrate Judge Denlow |

**NOTICE REGARDING THE BARCLAYS AND UBS DEFENDANTS'
INEQUITABLE CONDUCT COUNTERCLAIMS AND DEFENSES**

Defendants Barclays Bank PLC, Barclays Capital Inc., UBS AG, UBS Financial Services Inc., and UBS Securities LLC (collectively, "Defendants") hereby submit this notice regarding their inequitable conduct defenses in response to the Court's August 30, 2011 Order (D.E. 220).

On March 23, 2011, Defendants filed their Answers, Affirmative, Defenses, and Counterclaims to Edge Capture L.L.C.'s and Edge Specialists, L.L.C.'s (collectively, "Edge") Amended Complaint. D.E. 148-152. Defendants' Answers denied Edge's patent infringement claims and asserted, *inter alia*, affirmative defenses and counterclaims based on the patent applicants' inequitable conduct committed before the United States Patent and Trademark Office. *See id.* at ¶¶ 142-53. On May 4, 2011, Edge moved to dismiss some of Defendants' counterclaims, including those based on inequitable conduct. D.E. 169. On August 30, 2011, the Court granted-in-part and denied-in-part Edge's motion to dismiss, allowing Defendants'

state law counterclaims to proceed, but finding that Defendants' inequitable conduct allegations did not meet Rule 9(b)'s heightened pleading standard. D.E. 220. Therefore, the Court dismissed Defendants' inequitable conduct counterclaims without prejudice and granted Defendants leave to amend their pleadings on or before September 16, 2011. *See id.* at 27.

Defendants believe that additional factual bases supporting their inequitable conduct defenses will be developed through discovery, and, thus, reserve their rights to amend their inequitable conduct defenses after obtaining this discovery. The parties have agreed that, pursuant to local practice in patent cases, "[d]iscovery is permitted with respect to . . . defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party." D.E. 167 at 2-3. Thus, to the extent that Defendants discover additional factual bases supporting their inequitable conduct defenses, they will seek leave to amend their pleadings at the appropriate time and in accordance with the Federal Rules. *See* Fed. R. Civ. P. 15(a)(2) (After the time to amend a pleading as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

                                          Respectfully submitted,

Dated: September 16, 2011        By:     */s/ Jeffrey G. Randall*
                                              Jeffrey G. Randall (admitted *pro hac vice)*
                                              Jeffrey D. Comeau (admitted *pro hac vice*)
                                              PAUL HASTINGS LLP
                                              1117 S. California Avenue
                                              Palo Alto, CA 94304-1106
                                              Tel: (650) 320-1800

Allan M. Soobert (admitted *pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1700

Emily Newhouse Dillingham
PAUL HASTINGS LLP
191 N. Wacker Drive
Chicago, IL 60606
Tel: (312) 499 6292

*Attorneys for Defendants Barclays Bank PLC, Barclays Capital Inc., UBS AG, UBS Financial Services Inc., and UBS Securities LLC*

3

**CERTIFICATE OF SERVICE**

I, Jeffrey G. Randall, hereby certify that on September 16, 2011, I caused a true and correct copy of the foregoing NOTICE REGARDING THE BARCLAYS AND UBS DEFENDANTS' INEQUITABLE CONDUCT COUNTERCLAIMS AND DEFENSES to be served by electronic filing using the CM/ECF system upon:

Sang A. Young Brodie
sybrodie@rkmc.com, mjlarson@rkmc.com, mmtacheny@rkmc.com

Patrick G. Burns
pburns@gbclaw.net, docket@gbclaw.net

Munir R. Meghjee
mrmeghjee@rkmc.com, ljlewis@rkmc.com, jkcornelius@rkmc.com

Ronald Schutz
rjschutz@rkmc.com

Robert W. Unikel
Robert.unikel@kayescholer.com; maondil@kayescholer.com

Deanna Keysor
deanna.keysor@kayescholer.com

Michelle K. Marek
michelle.marek@kayescholer.com

Jeana R. Lervick
jlervick@gbclaw.net; docket@gbclaw.net

Gavin James OKeefe
gokeefe@gbclaw.net


Dated: September 16, 2011              By: */s/ Jeffrey G. Randall*