**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDGE CAPTURE L.L.C., and EDGE SPECIALISTS, L.L.C., | ) ) ) | |
| | ) | Civil Action No. 1:09-cv-1521 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., UBS AG, UBS FINANCIAL SERVICES INC., UBS SECURITIES L.L.C., WOLVERINE TRADING, L.L.C., and WOLVERINE EXECUTION SERVICES, L.L.C., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS EDGE CAPTURE L.L.C. AND EDGE SPECIALISTS, L.L.C.'S ANSWER
AND AFFIRMATIVE DEFENSES TO DEFENDANT UBS FINANCIAL SERVICES
INC.'S COUNTERCLAIMS**

Plaintiffs and Counterclaim Defendants Edge Capture L.L.C. and Edge Specialists,

L.L.C. (collectively "Edge") file this Answer and Affirmative Defenses to the Counterclaims of

Defendant and Counterclaim Plaintiff UBS Financial Services Inc. ("UBS"). (D.E. 150.) Edge

denies the allegations and characterizations in the Counterclaims unless expressly admitted in the

following paragraphs.

## **PARTIES**

179.    Counterclaimant UBS Financial Services Inc. ("UBS") is a Delaware corporation

with an office located at 800 Harbor Boulevard, Weehawken, New Jersey 07086.

**ANSWER:**    Edge admits the allegations of paragraph 179 of the Counterclaims.

180.     Edge Capture L.L.C. is purportedly an Illinois limited liability company with its principal place of business in Chicago, IL.

**ANSWER:**     Edge admits that Edge Capture L.L.C. is an Illinois limited liability company with its principal place of business in Chicago, IL.

181.     Edge Specialists, L.L.C. is purportedly an Illinois limited liability company with its principal place of business in Chicago, IL.

**ANSWER:**     Edge admits that Edge Specialists, L.L.C. is an Illinois limited liability company with its principal place of business in Chicago, IL.

## JURISDICTION AND VENUE

182.     The Court has jurisdiction over UBS' counterclaims against Edge Capture L.L.C. and Edge Specialists, L.L.C. (collectively, "Edge") under 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367(a), 2201, and/or 2202.

**ANSWER:**     Edge denies the allegations of paragraph 182 of the Counterclaims, to the extent the allegations of paragraph 182 of the Counterclaims purport that this Court has jurisdiction of Counts VII-X of the Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367(a), 2201, and/or 2202. Edge admits that this Court has jurisdiction of Counts I-IV of the Counterclaims under §§ 1331 and 1338(a). Counts V and VI of the Counterclaims were dismissed by Court Order for failure to state a claim. (D.E. 220.)

183.     Upon information and belief, Edge is subject to personal jurisdiction in this district for the purpose of UBS' counterclaims.

**ANSWER:**     Edge admits the allegations of paragraph 183 of the Counterclaims.

184.     Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b).

**ANSWER:**     Edge admits the allegations of paragraph 184 of the Counterclaims.

82476986. 1

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF THE '833 PATENT

185.    UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-184 above as if fully set forth herein.

**ANSWER:**    Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-184 above.

186.    An actual and justiciable controversy exists between UBS and Edge with respect to the '833 patent because Edge has brought an action against UBS alleging that UBS infringes the '833 patent, which allegation UBS denies. Absent a declaration of non-infringement, Edge may continue to wrongfully assert the '833 patent against UBS, and thereby cause UBS irreparable injury and damage.

**ANSWER:**    Edge admits that an actual and justiciable controversy exists between UBS and Edge with respect to the '833 Patent because Edge has brought an action against UBS alleging that UBS infringes the '833 Patent. Edge denies the remaining allegations of paragraph 186 of the Counterclaims.

187.    UBS has not infringed the '833 patent, either directly, contributorily, and/or by inducement and is entitled to a declaration to that effect.

**ANSWER:**    Edge denies the allegations of paragraph 187 of the Counterclaims.

## COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE '629 PATENT

188.    UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-187 above as if fully set forth herein.

**ANSWER:**    Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-187 above.

189.    An actual and justiciable controversy exists between UBS and Edge with respect to the '629 patent because Edge has brought an action against UBS alleging that UBS infringes the '629 patent, which allegation UBS denies. Absent a declaration of non-infringement, Edge may continue to wrongfully assert the '629 patent against UBS, and thereby cause UBS irreparable injury and damage.

**ANSWER:**    Edge admits that an actual and justiciable controversy exists between UBS and Edge with respect to the '629 Patent because Edge has brought an action against UBS alleging that UBS infringes the '629 Patent. Edge denies the remaining allegations of paragraph 189 of the Counterclaims.

190.    UBS has not infringed the '629 patent, either directly, contributorily, and/or by inducement and is entitled to a declaration to that effect.

**ANSWER:**    Edge denies the allegations of paragraph 190 of the Counterclaims.

## COUNT III – DECLARATION OF INVALIDITY OF THE '833 PATENT

191.    UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-190 above as if fully set forth herein.

**ANSWER:**    Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-190 above.

192.    An actual and justiciable controversy exists between UBS and Edge with respect to the '833 patent because Edge has brought an action against UBS alleging that UBS infringes the '833 patent, which allegation UBS denies. Absent a declaration of invalidity, Edge may continue to wrongfully assert the '833 patent against UBS, and thereby cause UBS irreparable injury and damage.

82476986. 1

**ANSWER:**     Edge admits that an actual and justiciable controversy exists between UBS and Edge with respect to the '833 Patent because Edge has brought an action against UBS alleging that UBS infringes the '833 Patent. Edge denies the remaining allegations of paragraph 192 of the Counterclaims.

193.     The '833 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112, and UBS is entitled to a declaration to that effect.

**ANSWER:**     Edge denies the allegations of paragraph 193 of the Counterclaims.

**COUNT IV – DECLARATION OF INVALIDITY OF THE '629 PATENT**

194.     UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-193 above as if fully set forth herein.

**ANSWER:**     Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-193 above.

195.     An actual and justiciable controversy exists between UBS and Edge with respect to the '629 patent because Edge has brought an action against UBS alleging that UBS infringes the '629 patent, which allegation UBS denies. Absent a declaration of invalidity, Edge may continue to wrongfully assert the '629 patent against UBS, and thereby cause UBS irreparable injury and damage.

**ANSWER:**     Edge admits that an actual and justiciable controversy exists between UBS and Edge with respect to the '629 Patent because Edge has brought an action against UBS alleging that UBS infringes the '629 Patent. Edge denies the remaining allegations of paragraph 195 of the Counterclaims.

196.     The '629 patent is invalid under the provisions of Title 35 of the United States

Code, including but not limited to Sections 101, 102, 103, and/or 112, and UBS is entitled to a

declaration to that effect.

**ANSWER:**     Edge denies the allegations of paragraph 196 of the Counterclaims.

## <u>COUNT V – DECLARATION OF UNENFORCEABILITY OF THE '833 PATENT</u>

197.     UBS realleges and incorporates by reference the allegations set forth in

Paragraphs 1-196 above as if fully set forth herein.

**ANSWER:**     Edge incorporates herein by reference the admissions, denials, and

allegations set forth in its Amended Complaint and its Answers to paragraphs 179-196 above.

198.     An actual and justiciable controversy exists between UBS and Edge with respect

to the '833 patent because Edge has brought an action against UBS alleging that UBS infringes

the '833 patent, which allegation UBS denies. Absent a declaration of unenforceability, Edge

may continue to wrongfully assert the '833 patent against UBS, and thereby cause UBS

irreparable injury and damage.

**ANSWER:**     This Counterclaim was dismissed by court Order for failure to state a

claim. (D.E. 220.) No response to this paragraph is required from Edge.

199.     Upon information and belief, the '833 patent is unenforceable due to inequitable

conduct for the reasons described in UBS' affirmative defenses, and UBS is entitled to a

declaration to that effect.

**ANSWER:**     This Counterclaim was dismissed by court Order for failure to state a

claim. (D.E. 220.) No response to this paragraph is required from Edge.

82476986. 1

## COUNT VI – DECLARATION OF UNENFORCEABILITY OF THE '629 PATENT

200.    UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-199 above as if fully set forth herein.

**ANSWER:**    Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-199 above.

201.    An actual and justiciable controversy exists between UBS and Edge with respect to the '629 patent because Edge has brought an action against UBS alleging that UBS infringes the '629 patent, which allegation UBS denies. Absent a declaration of unenforceability, Edge may continue to wrongfully assert the '629 patent against UBS, and thereby cause UBS irreparable injury and damage.

**ANSWER:**    This Counterclaim was dismissed by court Order for failure to state a claim. (D.E. 220.) No response to this paragraph is required from Edge.

202.    Upon information and belief, the '629 patent is unenforceable due to inequitable conduct for the reasons described in UBS' affirmative defenses, and UBS is entitled to a declaration to that effect.

**ANSWER:**    This Counterclaim was dismissed by court Order for failure to state a claim. (D.E. 220.) No response to this paragraph is required from Edge.

## COUNT VII – ILLINOIS COMMON LAW UNFAIR COMPETITION

203.    UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-202 above as if fully set forth herein.

**ANSWER:**    Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-202 above.

204.    This counterclaim alleges unfair competition under Illinois common law.

7

**ANSWER:** Edge admits that this counterclaim purports to allege unfair competition under Illinois common law, but denies the remaining allegations of paragraph 204 of the Counterclaims.

205. UBS Financial Services Inc. is a member of the CBOE.

**ANSWER:** Edge admits that UBS Financial Services Inc. is a member of the CBOE.

206. Upon information and belief, Edge, by and through its principals, wrongfully obtained confidential information about UBS to further its own interests, as set forth in factual detail above.

**ANSWER:** Edge denies the allegations of paragraph 206 of the Counterclaims.

207. UBS had a valid business relationship and/or expectancy with respect to its confidential information.

**ANSWER:** Edge lacks sufficient knowledge to admit or deny the allegations of paragraph 207 of the Counterclaims and therefore denies those allegations.

208. Edge knew of UBS' valid business relationship and/or expectancy.

**ANSWER:** Edge denies the allegations of paragraph 208 of the Counterclaims.

209. Edge intentionally and maliciously interfered with UBS' business by inducing and/or causing a breach of termination of the relationship or expectancy.

**ANSWER:** Edge denies the allegations of paragraph 209 of the Counterclaims.

210. Edge misappropriated UBS' confidential and proprietary information for its own commercial advantage at least by obtaining and disclosing, and using UBS' confidential information for its own purposes.

**ANSWER:** Edge denies the allegations of paragraph 210 of the Counterclaims.

211.    UBS has been injured by Edge's actions at least because it has incurred costs defending a wrongful lawsuit for alleged infringement of the '833 and '629 patents.

**ANSWER:**    Edge denies the allegations of paragraph 211 of the Counterclaims.

212.    Edge's actions have been intentional, willful, wanton, and performed with malice toward UBS.

**ANSWER:**    Edge denies the allegations of paragraph 212 of the Counterclaims.

213.    Punitive damages are necessary to punish Edge for its conduct and to deter it from committing similar transgressions in the future.

**ANSWER:**    Edge denies the allegations of paragraph 213 of the Counterclaims.

## COUNT VIII – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

214.    UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-213 above as if fully set forth herein.

**ANSWER:**    Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-213 above.

215.    This counterclaim alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*.

**ANSWER:**    Edge admits that this counterclaim purports to allege a violation of the Illinois Consumer Fraud and Deceptive Business Practices, 815 ILCS § 505/1 *et seq*., but denies the remaining allegations of paragraph 215 of the Counterclaims.

216.    As set forth in more factual detail above, Edge has engaged in deceptive acts and/or practices in the course of trade and/or commerce.

**ANSWER:**    Edge denies the allegations of paragraph 216 of the Counterclaims.

217.    Upon information and belief, Edge intended that UBS rely on Edge's deception.

**ANSWER:**     Edge denies the allegations of paragraph 217 of the Counterclaims.

218.     UBS has been injured by Edge's actions at least because it has incurred costs defending a wrongful lawsuit for alleged infringement of the '833 and '629 patents.

**ANSWER:**     Edge denies the allegations of paragraph 218 of the Counterclaims.

219.     Edge's actions have been intentional, willful, wanton, and performed with malice toward UBS.

**ANSWER:**     Edge denies the allegations of paragraph 219 of the Counterclaims.

220.     Punitive damages are necessary to punish Edge for its conduct and to deter it from committing similar transgressions in the future.

**ANSWER:**     Edge denies the allegations of paragraph 220 of the Counterclaims.

<u>**COUNT IX – MISUSE OF CONFIDENTIAL INFORMATION**</u>

221.     UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-220 above as if fully set forth herein.

**ANSWER:**     Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-220 above.

222.     This counterclaim alleges misuse of confidential information under Illinois common law.

**ANSWER:**     Edge admits that this counterclaim purports to allege misuse of confidential information under Illinois common law, but denies the remaining allegations of paragraph 222 of the Counterclaims.

223.     Upon information and belief, Edge, by and through its principals, wrongfully obtained confidential information about UBS to further its own interests, as set forth in factual detail above.

82476986. 1

**ANSWER:**     Edge denies the allegations of paragraph 223 of the Counterclaims.

224.     UBS has taken reasonable measures to keep said confidential information secret and hidden from the public and competitors.

**ANSWER:**     Edge lacks sufficient knowledge to admit or deny the allegations of paragraph 224 of the Counterclaims and therefore denies those allegations.

225.     Edge misused UBS' confidential information at least by furthering its own interests in this lawsuit.

**ANSWER:**     Edge denies the allegations of paragraph 225 of the Counterclaims.

226.     UBS has been injured by Edge's actions at least because it has incurred costs defending a wrongful lawsuit for alleged infringement of the '833 and '629 patents.

**ANSWER:**     Edge denies the allegations of paragraph 226 of the Counterclaims.

227.     Edge's actions have been intentional, willful, wanton, and performed with malice toward UBS.

**ANSWER:**     Edge denies the allegations of paragraph 227 of the Counterclaims.

228.     Punitive damages are necessary to punish Edge for its conduct and to deter it from committing similar transgressions in the future.

**ANSWER:**     Edge denies the allegations of paragraph 228 of the Counterclaims.

## COUNT X – UNJUST ENRICHMENT

229.     UBS realleges and incorporates by reference the allegations set forth in Paragraphs 1-228 above as if fully set forth herein.

**ANSWER:**     Edge incorporates herein by reference the admissions, denials, and allegations set forth in its Amended Complaint and its Answers to paragraphs 179-228 above.

82476986. 1

230.     As set forth in more factual detail above, Edge has unjustly retained a benefit to the detriment of UBS.

**ANSWER:**     Edge denies the allegations of paragraph 230 of the Counterclaims.

231.     Edge has been unjustly enriched by wrongfully obtaining and using UBS' confidential and proprietary information. Edge will be unjustly enriched by the amount it receives, if any, as a result of asserting its patents against UBS.

**ANSWER:**     Edge denies the allegations of paragraph 231 of the Counterclaims.

232.     Edge's retention of said benefit violates the fundamental principles of justice, equity, and good conscience.

**ANSWER:**     Edge denies the allegations of paragraph 232 of the Counterclaims.

**PRAYER FOR RELIEF**

Edge denies that UBS is entitled to any relief on its Counterclaims or otherwise.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

UBS has infringed and is infringing U.S. Patent No. 7,177,833 and U.S. Patent No. 7,251,629.

**SECOND AFFIRMATIVE DEFENSE**

The claims of U.S. Patent No. 7,177,833 and U.S. Patent No. 7,251,629 are valid and enforceable.

**THIRD AFFIRMATIVE DEFENSE**

The Counterclaims are barred in whole or in part for failure to state a claim upon which relief can be granted.

82476986. 1

**FOURTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred in whole or in part for lack of subject matter jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

The Counterclaims are preempted in whole or in part by the United States Patent Act, 35 U.S.C. § 101 *et. seq.*

**SIXTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred in whole or in part due to lack of notice of the asserted Counterclaims.

**EIGHTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred in whole or in part due to limitations on damages and failure to mitigate alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred in whole or in part for lack of standing.

**TENTH AFFIRMATIVE DEFENSE**

Count VIII of the Counterclaims is barred in whole or in part because UBS is not a consumer.

**ELEVENTH AFFIRMATIVE DEFENSE**

Counts VII, VIII, IX, and X of the Counterclaims are preempted by the Illinois Trade Secrets Act, 765 ILCS § 1065 *et. seq.*

82476986. 1

## TWELFTH AFFIRMATIVE DEFENSE

The Counterclaims based on equity are barred by the law or by the fact that there is an adequate remedy at law.

Respectfully submitted,

Dated: September 23, 2011

By: _/s/Patrick G. Burns_____
    Ronald J. Schutz (*pro hac* vice)
    Munir R. Meghjee (*pro hac* vice)
    Sang Young A. Brodie (*pro hac* vice)
    Anthony G. Beasley (*pro hac vice*)
    Miles A. Finn (*pro hac* vice)
    Seth A. Nielsen (*pro hac* vice)
    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
    800 LaSalle Avenue, Suite 2800
    Minneapolis, MN 55402
    Telephone: (612) 349-8500

    Patrick G. Burns (ARDC No. 3122589)
    Justin R. Gaudio (ARDC No. 6296562)
    Gavin James O'Keefe (ARDC No. 6293489)
    **GREER, BURNS & CRAIN, LTD.**
    300 South Wacker Drive, Suite 2500
    Chicago, Illinois  60606
    Telephone:  (312) 360-0080

    **ATTORNEYS FOR PLAINTIFFS
    EDGE CAPTURE L.L.C. AND EDGE
    SPECIALISTS, L.L.C.**

82476986. 1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 23, 2011, he caused a true and correct copy of **PLAINTIFFS EDGE CAPTURE L.L.C. AND EDGE SPECIALISTS, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT UBS FINANCIAL SERVICES INC.'S COUNTERCLAIMS** to be served via electronic mail on the following attorneys of record in this case:

| | |
|---|---|
| Jeffrey G. Randall | jeffrandall@paulhastings.com |
| Allan M. Soobert | allansoobert@paulhastings.com |
| Jeffrey D. Comeau | jeffreycomeau@paulhastings.com |
| Emily Newhouse Dillingham | emilydillingham@paulhastings.com |
| Robert W. Unikel | robert.unikel@kayescholer.com |
| Deanna L. Keysor | deanna.keysor@kayescholer.com |
| Michelle Kristina Marek | michelle.marek@kayescholer.com |

/s/ Patrick G. Burns
Patrick G. Burns

82476986. 1